IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Williams, ) | Civil Action No.: 2:10-1546-RMG |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| United Parcel Services, Inc., ) | |
| Defendant. ) | |

This matter comes before the Court on Defendant's motion for summary judgment. Plaintiff brought this case alleging that he is disabled and that Defendant has failed to reasonably accommodate him, as required by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(A), and the Local Rules, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for pretrial handling. Defendant filed a motion for summary judgment on August 5, 2011. (Dkt. No. 32). Plaintiff filed a response and Defendant filed a reply. (Dkt. Nos. 36 and 41). On January 31, 2012, Magistrate Judge Bruce Howe Hendricks issued a Report and Recommendation ("R &R") recommending that Defendant's motion for summary judgment be granted on the basis that no material disputes remain as to whether Defendant reasonably accommodated Plaintiff. (Dkt. No. 43). The Magistrate Judge found that material factual disputes existed regarding Plaintiff's alleged disability, making summary judgment on that basis inappropriate. Plaintiff filed objections to the R & R (Dkt. No. 45) and Defendant did not file any objection. After a careful review of the record, the parties'

1

briefs and the applicable legal standards, as set forth further below, the Court grants in part and denies in part Defendant's motion for summary judgment.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In a motion for summary judgment, the movant is entitled to relief only if he or she can show "that there is no genuine dispute as to any material fact" and the moving party is thus "entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is deemed "material" if proof of its existence or non-existence would affect the disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of "material fact" is "genuine" if the evidence offered is of the type from which a reasonable jury might return a verdict for the non-moving party. *Id.* at 257. The evidence must be viewed in a light most favorable to the non-moving party, and all inferences and ambiguities are read in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

In a failure to accommodate claim, Plaintiff must demonstrate "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position. . . ; and (4) that the [employer] refused to make such accommodations."

*Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). A "disability" under the ADA refers to an individual with "a physical or mental impairment that substantially limits one or more major life activities. . . ." 42 U.S.C. § 12102(1). Major life activities include, *inter alia*, sleeping, walking, standing, lifting, bending, and working. 42 U.S.C. § 12102(2). After the recent amendments to the ADA, the regulations now read that "substantially limits" is to be "construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). The ADA states that "reasonable accommodation may include: (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9). Reasonable accommodation may involve "[a]n employer or other covered entity. . .restructur[ing] a job by altering when and/or how an essential job function is performed." 29 C.F.R. Pt. 1630, App. at § 1630.2(o). Further, "[r]eassignment to a vacant position" is considered a "potential reasonable accommodation." *Id.* However, "[a]n applicant for a position must be qualified for, and be able to perform the essential functions of, the position sought with or without reasonable accommodation." *Id.*

Plaintiff has the burden of "identifying an accommodation that would allow a qualified individual to perform the job" and showing "that such an accommodation is reasonable." *Shin v. University of Maryland Medical System Corp.*, 369 Fed. Appx. 472, 481 (4th Cir. 2010). A reasonable accommodation "does not require an employer to reallocate essential job functions or assign an employee 'permanent light duty.'" *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed.Appx. 314, 323 (4th Cir. 2011). A reasonable accommodation further does not include a

3

reassignment "when it would mandate that the employer bump another employee out of a particular position." *E.E.O.C. v. Sara Lee Corp.*, 237 F.3d 349, 355 (4th Cir. 2001). The ADA does not require that an employer "promote an individual with a disability as an accommodation." 29 C.F.R. Pt. 1630, App. at § 1630.2(o). An employer is also not bound to "create a new position as an accommodation to a disabled employee." *Lamb v. Qualex, Inc.*, 33 Fed. Appx. 49, 59 (4th Cir. 2002). Moreover, "[v]irtually all circuits that have considered the issue have held that the ADA's reasonable accommodation standard does not require an employer to abandon a legitimate and non-discriminatory company policy" such as a collective bargaining agreement. *E.E.O.C.*, 237 F.3d at 353. Whether an employee was reasonably accommodated is a question of fact. *Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 833 (4th Cir. 1994).

## Discussion

Plaintiff began his employment with Defendant in its Charleston operations center in July 2000 and assumed duties as a part time supervisor, a non-union managerial position, in January 2001. (Dkt. No. 36-2 at 11). After serving in the part time managerial position for some three years, Plaintiff assumed a full time position as a package car driver. *Id.* at 12. The full time position provided Plaintiff with greater compensation. Plaintiff also joined the union, which made him subject to the Collective Bargaining Agreement ("CBA"). (Dkt. No. 36-2 at 277). In February 2005, Plaintiff injured his knee in a work related incident, with eventually led to three surgeries between 2005 and 2007 and ultimately to a permanent limitation on his ability to lift or repetitively squat or climb. (Dkt. No. 36-2 at 155). Between 2005 and 2009, Plaintiff received worker's compensation benefits and was granted medical leave for portions of this period.

By letter dated February 25, 2009, Plaintiff requested a job related accommodation pursuant to the ADA. (Dkt. No. 36-2 at 135). Plaintiff, with the advice of his union representative, also filed a grievance because Defendant had allegedly failed to meet with him following his release by his physicians to discuss returning to employment with the company. (Dkt. No. 36-7 at 1, 4). Plaintiff, along with his union representative, met with various supervisors of Defendant on May 26, 2009. They discussed Plaintiff's possible return to work, potential positions that he might be considered for, accommodations that might be required and concerns of the Defendant regarding whether he was physically able to perform certain allegedly essential tasks associated with the various positions.

While the parties characterize the May 26, 2009 meeting differently, they do not dispute that following the meeting Defendant identified a single possible position for Plaintiff, a "small sorts" position in the Summerville, South Carolina operations center. (Dkt. No. 32-2 at 7-8). Defendant's representatives, pursuant to the company's CBA, inquired to the union whether his seniority could be transferred to the Summerville operations center from his former position in Charleston. The union would not consent to the transfer of Plaintiff's seniority and, thus, he could not successfully compete for this particular position. *Id.* at 8.

Plaintiff asserts that he should have been offered other positions with Defendant which he contends he could perform with reasonable accommodation. First, he asserts that he should have been reinstated to his former position as a package car driver, which he concedes was physically demanding and would require a considerable number of accommodations, including an automatic transmission truck, a hydraulic lift, a route that did not require him to climb stairs and a helper to lift packages greater than his 20 pound limitation. (Dkt. No. 36-2 at 76, 91). Second, Plaintiff asserts that he should have been considered for part-time and full-time supervisor

positions, noting that he had served successfully for three years in a part time supervisory position before he assumed the full time and higher paid position as a package car driver. Plaintiff contends that the supervisory positions do not require the regular lifting of heavy packages and co-workers could assist him when it was necessary to lift something greater than his condition allowed. Third, Plaintiff points to the customer counter clerk and preload data capture clerk positions as ones that he could perform that rarely require heavy lifting. Fourth, Plaintiff identifies a broad range of inside and outside positions (air driver, feeder driver, loss prevention clerk, office administrative assistant and human resource officer) which he asserts he could perform with reasonable accommodations.

Defendant vigorously contests Plaintiff's assertions regarding his ability to assume these various positions and whether the company could reasonably accommodate his disability without creating an undue burden. Defendant accurately notes that most of the positions identified by Plaintiff have job descriptions that state that the position requires the ability to lift 70 lbs. and Plaintiff has been limited by his physician to lifting 20 lbs. (*See, e.g.*, Dkt. No. 32-2 at 124, 133, 135, 137, 139). Defendant also accurately notes that a number of these positions had no openings during the period it sought to accommodate Plaintiff from June 1, 2009 until January 24, 2010. (Dkt. No. 32-2 at 9; 36-10 at 11-12).

In the initial proceedings before the Magistrate Judge, Defendant contested Plaintiff's claim that he had a disability under the ADA. After carefully examining the evidence in the record relating to the issue of disability, the Magistrate Judge concluded that there were disputed issues of fact surrounding the degree of Plaintiff's impairment and whether it substantially limited a major life activity. In the Report and Recommendation, the Magistrate Judge recommended that summary judgment not be granted on this issue. (Dkt. No. 43 at 11-12).

Defendant did not file an objection to the Report and Recommendation. After a review of the record and applicable legal authorities, the Court hereby adopts that portion of the Report and Recommendation regarding the disability issue. *Id.* at 4-12.

The critical issue in this summary judgment motion, thus, turns on whether Defendant provided Plaintiff with a reasonable accommodation for his disability. Since this inquiry is fact specific, it is necessary to analyze each position within the parameters of an employer's duty to provide reasonable accommodation.

A. **Package Car Driver**

Plaintiff asserts that he should be able to return to his physically demanding former position as a package car driver, which generally involves significant climbing, lifting and other arduous duties. Plaintiff concedes that he could not do this position without "definite accommodations, and a lot of them." (Dkt. No. 36-2 at 76, 91). These accommodations include an automatic transmission truck, a hydraulic lift, a rural route and potentially "they could give me a helper all day . . . ." *Id.*

An employer's duty to accommodate must be "reasonable" and not place an undue burden on the employer. The scope and extent of Plaintiff's requested accommodations, or even some partial combination of them, would place a significant financial burden on Defendant and fundamentally alter the nature of the position Plaintiff seeks to perform. It is also not at all clear that even with these accommodations, absent the designated helper, Plaintiff could still perform his job. The Court finds that there is no genuine dispute of material fact relating to the Defendant's duty to provide a reasonable accommodation without undue burden and that Defendant is entitled to summary judgment as a matter of law regarding the alleged failure to provide reasonable accommodation concerning the package car driver position.

## B. Part Time Supervisor of Operations

Defendant acknowledges that it had openings between June 1, 2009 and January 24, 2010 in at least four part time supervisor positions in operations within commuting distance from Charleston.[1] It is also uncontested that Plaintiff had previously served successfully as a part time supervisor for Defendant. Defendant argues that placement of Plaintiff in one of these part time positions would not be required as a reasonable accommodation because he was not technically qualified for the managerial position and it is not required to "promote" an employee to satisfy ADA requirements. Defendant further asserts that the job descriptions for these positions require the ability to lift 70 lbs. and Plaintiff was limited by his physician to lifting 20 lbs.

Plaintiff contests each of these assertions. First, he says his employment record with Defendant clearly establishes his qualifications to serve as a part time supervisor, and his certification under the company's Management Assessment and Promotion Process was a formality under the control of Defendant that could have been timely completed if desired by the company. Second, Plaintiff disputes that assignment to a part time supervisor position would constitute a promotion since he left that very position to assume his higher paid position as a full time package car driver. Third, Plaintiff disputes Defendant's assertion that part time supervisors must lift 70 lbs. He offered a sworn statement of a former part time supervisor of Defendant, Nancy Fullerton, in which she asserts that she was instructed as a part time supervisor "not to handle packages because of union employee grievances of management working their jobs." (Dkt. No. 36-9 at 1). Fourth, since the part time supervisor position is non-union, it is not subject to the CBA and its limitations on the transfer of seniority.

---

[1] Part time supervisor positions were open in Summerville, Orangeburg, Parris Island and Hilton Head. (Dkt. 36-10 at 11).

There are clearly material factual disputes regarding the duty to accommodate Plaintiff in regard to the part time supervisor in operations positions. As such, disposition by way of summary judgment is inappropriate. Therefore, the Court denies Defendant's motion for summary judgment in regard to the part time supervisor positions.

C. **Full Time Supervisor Positions**

The parties make essentially the same arguments in regard to the full time supervisor in operations position as made above in regard to the part time position, with one notable exception. Plaintiff does not contest Defendant's assertion that assignment to a full time supervisor position would constitute a promotion. It is well settled that an employer is not required to promote an employee to comply with the ADA's reasonable accommodation requirements. *See* 29 C.F.R. Pt. 1630, App. at § 1630.2(o). Therefore, the Court grants Defendant's motion for summary judgment regarding the full time supervisor positions in operations.

Plaintiff also asserted that he should have been accommodated with a position in human resources. Defendant acknowledges that human resources positions were available in Hilton Head/Parris Island and in Orangeburg. (Dkt. No. 36-10 at 12). Plaintiff admitted that the human resources positions were management level and full time. (Dkt. No. 36-2 at 68). Thus, transfer of Plaintiff to one of these positions would involve a promotion and Defendant had no duty to accommodate Plaintiff by providing him a promotion. The Court grants summary judgment to Defendant in regard to the human resources positions.

D. **Customer Counter Clerk**

Defendant acknowledges that during the period June 1, 2009 through January 24, 2010 it filled two customer counter clerk positions, one of them in the Charleston operations center. (Dkt. No. 36-10 at 12). Defendant asserts, however, that the job description for the position

requires the ability to lift up to 70 lbs., and Plaintiff would not be physically able to perform the duties of the position in light of his limitations. Plaintiff challenges Defendant's characterization of the position as requiring significant lifting, noting a situation where a female employee was assigned the counter clerk position because she could not lift 70 lbs. and "they gave her help when she needed it." (Dkt. No. 36-2 at 72). Plaintiff also offered the statement of former supervisor Nancy Fullerton, in which she described the "normal counter clerk" being given "back up assistance" as needed and stated that customer counter clerks were not actually required to lift 70 lbs. as stated in the job description. (Dkt. No. 36-9 at 2).

There are obviously material factual disputes regarding whether Defendant had a duty to provide reasonable accommodation to Plaintiff by assigning him to the customer counter clerk position. Therefore, disposition by summary judgment would not be appropriate. The Court denies Defendant's motion for summary judgment regarding the customer counter clerk position.[2]

### E. Loader/ Unloader–Small Sorts

Defendant acknowledges that it filled three of the loader/unloader small sorts positions during the period June 1, 2009 through January 24, 2010. (Dkt. No. 36-10 at 12). All of these positions were outside Charleston. Defendant asserts that it attempted to accommodate Plaintiff by assigning him to a small sorts position in its Summerville operations center but was prevented from doing so by the union pursuant to provisions in the CBA. As explained by one of Defendant's managers, the company attempted to transfer Plaintiff's seniority from Charleston to Summerville (described as having the seniority "dove tailed") but the union would not permit

---

[2] One of the two customer counter clerk positions was in Parris Island and the other was in Charleston. In regard to the Parris Island position, there is an additional contested issue regarding the effect of the CBA on Defendant's duty to accommodate. This issue is addressed in regard to the "small sorts" positions.

this. (Dkt. No. 32-2 at 8). This prevented Plaintiff from successfully competing for the particular position in Summerville. *Id.* Defendant seeks to extrapolate from this experience that the CBA prevented the assignment of any employee from one operations center to another. Defendant's efforts to assign Plaintiff to the small sorts position in Summerville suggests that the company believed he could perform his duties with or without reasonable accommodation and that a transfer from Charleston to another location did not violate company policy or practice, subject to the CBA.

From the information provided in the record, it appears that the difficulty encountered with the Summerville position involved the inability of Plaintiff to compete with another employee of Defendant if he did not have the right to transfer all of his seniority from Charleston. The Court was not provided a copy of the CBA or any information as to whether Plaintiff would have been similarly disadvantaged had he been considered for the other small sorts positions which opened during this period in Orangeburg and Parris Island. For instance, if Defendant employed new hires or present employees with less seniority than Plaintiff (as calculated by the CBA) for the small sorts positions, Defendant may have had the duty to provide one of the small sorts positions to Plaintiff as a reasonable accommodation.

In light of the Court's duty in passing upon the Defendant's motion for summary judgment to view all facts in a light most favorable to Plaintiff and all inferences in his favor, the Court finds that there exist material factual disputes concerning whether the CBA barred Plaintiff from the available small sorts positions in Orangeburg and Parris Island. Therefore, the Court denies summary judgment regarding the small sorts positions in Orangeburg and Parris Island. The Court grants summary judgment regarding the Summerville small sorts position in light of

the company's efforts to accommodate Plaintiff and the union's refusal to allow his seniority to transfer with him.

### F. Positions in which Defendant had no documented openings

It is well settled that an employer has no duty under the ADA to create a position or to bump a present employee out of his or her position to make a reasonable accommodation. *E.E.O.C.*, 237 F.3d at 355; *Lamb*, 33 Fed. Appx. at 59. Plaintiff expends considerable energy arguing about the duty to accommodate concerning such positions as air driver, feeder driver, loss prevention clerk, office administrative assistant and car washer. However, there is no evidence that any such positions were available during the relevant time period. (Dkt. No. 36-10 at 11-12). Plaintiff has the burden to establish the availability of one or more positions for which the employer could provide reasonable accommodation. In light of the uncontested evidence that no openings existed during the relevant period, the Court grants summary judgment in favor of Defendant in regard to the air driver, feeder driver, loss prevention clerk, office administrative assistant and car washer positions.

### G. Preload Data Capture Clerk

Defendant acknowledges that two preload data capture clerk positions were filled in Hilton Head and Orangeburg during the relevant time period. (Dkt. No. 36-10 at 12). The parties describe these positions very differently. Defendant asserts that the employee scans packages as they pass on a conveyer belt and are required at times to assist in moving packages weighing as much as 150 lbs. (Dkt. No. 32-2 at 12-13, 137). Plaintiff describes the job as scanning a package with a scanning gun, printing a label and placing it on the box. Plaintiff asserts that "a lot of times they're not even really having to touch the box other than to slap a pass label on it." (Dkt. No. 36-2 at 68). Plaintiff's knowledge of this position is admittedly limited since he was present

only for the early implementation of the position. *Id.* at 69. However, even with Plaintiff's limited exposure, he has placed into dispute material facts regarding the nature of the position, which would make disposition by summary judgment inappropriate. Therefore, the Court denies Defendant's motion for summary judgment regarding the preload data capture clerk position.[3]

## Conclusion

Based upon the foregoing, Defendant's motion for summary judgment is granted in part and denied in part. (Dkt. No. 32). The motion is denied in regard to the Defendant's alleged failure to provide reasonable accommodation for the positions of part time supervisor of operations, customer counter clerk, loader/unloader–small sorts in Orangeburg and Parris Island, and preload data capture clerk. Defendant's motion for summary judgment is granted for all other positions. The parties are advised that the case will be tried during the Court's May-June 2012 term.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 23, 2012

---

[3] These positions also have the CBA issue (see discussion in regard to the small sorts position), which cannot be resolved by a grant of summary judgment in Defendant's favor based upon the evidence in the record.